Opinion filed July 19, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00124-CV

                                                    __________

 

                            
HENDRICK MEDICAL CENTER, Appellant

 

                                                               
V.

 

             DR. CORY
BROWN AND DR. MARTIN V. SLOAN, Appellees



 

                                   On
Appeal from the 104th District Court

 

                                                           
Taylor County, Texas

 

                                                    Trial
Court Cause No. 25137-B

 



 

                                            M
E M O R A N D U M    O P I N I O N

 This
is an interlocutory appeal from the entry of a temporary injunction enjoining
appellant, Hendrick Medical Center, from revoking the “ankle privileges” of
appellees, Dr. Cory Brown and Dr. Martin V. Sloan, two podiatrists with medical
privileges at the hospital.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West Supp. 2011). 
Appellant has filed a motion to dismiss the appeal on the basis that the
temporary injunction is now moot because all medical privileges granted to
appellees expired on June 30, 2012.  See Tex. R. App. P. 42.1(a)(1). Appellees have filed a response
to the motion to dismiss, agreeing that the temporary injunction is now moot
and that the appeal should be dismissed.

            As
recently noted by the Texas Supreme Court in Heckman v. Williamson County,
No. 10-0671, 2012 WL 2052813, at *14 (Tex. June 8, 2012):

[A] court cannot not decide a case that has become moot during the pendency of the
litigation.   A case becomes moot if, since the time of filing, there has
ceased to exist a justiciable controversy between the parties—that is, if the
issues presented are no longer “live,” or if the parties lack a legally
cognizable interest in the outcome.  Put simply, a case is moot when the court’s
action on the merits cannot affect the parties’ rights or interests.  If a case
is or becomes moot, the court must vacate any order or judgment previously
issued and dismiss the case for want of jurisdiction. 

 

(footnotes
omitted).  We agree with the parties’ contention that the appeal should be
dismissed for want of jurisdiction because the subject of the appeal is now
moot.  Therefore, in accordance with the parties’ request, we dismiss the
appeal for want of jurisdiction.  In doing so, we express no opinion on the
merits of the underlying action.  

The
motion to dismiss is granted, and the appeal is dismissed.

 

                                                                                                PER
CURIAM

 

July 19, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.